*544 OPINION
Williams, Judge,
delivered the opinion:
There is no controversy between the parties as to the facts in this case, the facts having been stipulated. The only issue involved is a question of law: Is the plaintiff, entitled to interest on the sum of $3,196.69, which the Comptroller General, on June 20, 1928, wrongfully deducted from an amount then due the plaintiff and applied to the payment of an alleged indebtedness in a like amount of the plaintiff to the United States?
The plaintiff on June 20, 1928, was not indebted to the United States in the amount claimed or any part thereof. See Converse et al. v. United States, 69 C. Cls. 610.
Subsequent to the decision of the court in the case cited, the Comptroller General, by his certificate, on July 30, 1930, authorized the payjnent of the $3,196.69 to the .plaintiff and *545 payment was made by a check on the United States Treasury, dated August 5, 1930.
The plaintiff claims interest on the amount thus wrongfully deducted and withheld during the time of its retention by the Government. The claim is based on the act of March 3, 1875, 18 Stat. 481 (31 U. S. C. A. 227), which reads:
“When any final judgment recovered against the United States or other claim duly allowed by legal authority, shall be presented to the Secretary of the Treasury for payment, and the plaintiff or claimant therein shall be indebted to the United States in any manner, * * * it shall be the duty of the Secretary to withhold payment of an amount of such judgment or claim equal to the debt thus due to the United States; * * * . But if such' plaintiff, or claimant, denies his indebtedness to the United States, or refuses to consent to the set-off, then the Secretary shall withhold payment of such further amount of such judgment, or claim, as in his opinion will be sufficient to cover all legal charges and costs in prosecuting the debt of the United States to final judgment. * * * And if in such action judgment shall be rendered against the United States, or the amount recovered for debt and costs shall be less than the amount so withheld * * * , the balance shall then be paid over to such plaintiff * * * with six per cent interest thereon for the time it has been withheld from the plaintiff.”
The act of June 10, 1921, created the General Accounting Office and made it an independent establishment of the Government under the control and direction of the Comptroller General. The offices of the Comptroller of the Treasury and Assistant Comptroller of the Treasury were abolished, and all other officers and employees of the office of the Comptroller of the Treasury were transferred to and became officers and employees of the General Accounting Office. (31 U. S. C. A. 41.) All powers and duties at that time conferred on the Comptroller of the Treasury, or the six auditors of the Treasury Department, were vested in and imposed upon the General Accounting Office, and the balances certified by the Comptroller General were made final and conclusive upon the executive branch of the Government. (31 U. S. C. A. 44.)
*546 Section 236 of the Eevised Statutes was amended to read:
“All claims and demands whatever by the Government of the United States or against it, and all accounts whatever in which the Government of the United States is concerned, either as a debtor or creditor, shall be settled and adjusted, by the General Accounting Office.” (31 U. S. C. A. 71.)
The effect of this provision was to transfer to the General Accounting Office the authority theretofore invested in the Department of the Treasury to adjust and settle claims for and against the United States. The provision did not repeal the act of March 3, 1875, or modify it in any way other than to substitute the Comptroller General, the head of the General Accounting Office, in the place of the Secretary of the Treasury, head of the Treasury Department, as the person authorized and directed to withhold payment, to the extent of any debt due to the United States, to a claimant presenting for settlement any final judgment recovered against the United States, or other claim duly allowed by legal authority.
Upon the completion of the work under the contract of April 9,1926, the plaintiff presented his claim to the General Accounting Office for the amount due him. The General Accounting Office made a determination of the amount due to the plaintiff, and from the amount so determined the Comptroller General deducted $3,196.69, paying to the plaintiff the balance.
The determination of the amount due to the plaintiff under the contract, by the General Accounting Office, was-the allowance of his claim by legal authority. The claim, upon its allowance was, within the meaning of the statute,, presented to the Comptroller General for payment. The claim, although duly allowed and presented for payment, was not paid in full by the Comptroller General, but $3,196.69 was by him wrongfully deducted from the amount so allowed, and applied in the payment of an alleged debt to the United States, which it was later legally determined the plaintiff did not owe.
The plaintiff is clearly entitled to interest from June 20, 1928, to July 30, 1930. United States v. LaGrange Grocery Co., 31 Fed. (2d) 297; United States v. New York, C. & *547 St. L. R. Co., 32 Fed. (2d) 887; Standard Dredging Co. v. United States, 71 C. Cls. 218.
The plaintiff is awarded judgment in the sum of $404.92. It is so ordered.
Whaley, Judge; LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.